# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JASON ARTHUR ALTHEIDE,

    Petitioner

v.

STATE OF NEVADA, et al.,

    Respondents

Case No.: 2:19-cv-02245-JAD-BNW

**ORDER DIRECTING RESPONSE TO PETITION**

[ECF No. 1]

Petitioner Jason Arthur Altheide brings this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2016 Nevada state court conviction for battery with substantial bodily harm[1] and applies to proceed *in forma pauperis*.[2] Having reviewed the petition under Habeas Rule 4, I direct the Clerk of Court to docket it[3] and serve it on respondents. And finding that petitioner has shown that he cannot pay the filing fee, I grant his application for leave to proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED** that petitioner's application for leave to proceed in forma pauperis **[ECF No. 1] is GRANTED**; petitioner will not be required to pay the filing fee.

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] Petitioner is cautioned that, because a petition for federal habeas corpus should include all claims for relief of which petitioner is aware, failure to include such a claim in a petition may result in it being forever barred. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, preferably in a motion to amend his petition to add the claim.

IT IS FURTHER ORDERED that the Clerk is directed to:

- **FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents; and
- **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for respondents.

IT IS FURTHER ORDERED that **respondents must file a response to the petition within 90 days of service of the petition. Petitioner will then have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.** Any other motions will be subject to the normal briefing schedule under the local rules.

Any response to the petition must comport with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, must instead be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondents must file a set of state court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments. Respondents must send courtesy copies of all pleadings and exhibit lists in this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label.

Dated: January 15, 2020

_____
Jennifer A. Dorsey
United States District Judge