UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON ARTHUR ALTHEIDE, | Case No.: 2:19-cv-02245-JAD-BNW |
| Petitioner | **Order Granting Motion for Stay and Denying Motion to Dismiss without Prejudice** |
| v. | |
| STATE OF NEVADA, et al., | [ECF Nos. 59, 72] |
| Respondents | |

In his 28 U.S.C. § 2254 petition for writ of habeas corpus, Jason Arthur Altheide challenges his conviction, habitual-criminal adjudication, and life sentences, arguing that he received ineffective assistance of counsel when he entered into his guilty plea agreement and at sentencing.[1] Respondents move to dismiss the petition on the basis that some claims are untimely, unexhausted, or procedurally defaulted.[2] Altheide opposes the motion and seeks a stay while he exhausts certain claims in state court.[3] Because I find that Altheide has shown good cause for a stay and abeyance, I grant the motion to stay while Altheide completes his state-court litigation, and I deny the motion to dismiss without prejudice to respondents' ability to renew it once the stay is lifted.

**Background**

The charges against Altheide arose after he was arrested in June 2014 in Beatty, Nevada, for possession of a stolen vehicle.[4] Altheide and his girlfriend had been living in her car, and he

---

[1] ECF No. 50.
[2] ECF No. 59.
[3] Docketed at both ECF Nos. 70, 72.
[4] *See* ECF No. 50 at 7–9.

had driven the car to Beatty from Truckee, California. The charges were dropped, but, because the vehicle was not in his name, Altheide was unable to retrieve the vehicle or his belongings from it. Released in Pahrump, Nevada, he was arrested again when a gas station employee sought to have him removed from the property. Altheide was in custody for one day and, while in custody, he was charged with assault on an officer by a prisoner. A couple of months later in September, he was charged with battery causing substantial bodily harm for an altercation with a McDonald's employee.[5]

Altheide entered into a *nolo contendere* plea agreement to battery causing substantial harm and battery by prisoner in the Fifth Judicial District Court for Nye County, Nevada.[6] In exchange for the guilty plea, prosecutors agreed to dismiss or not pursue charges in seven other cases. The plea agreement included a stay-out-of-trouble clause, which would allow prosecutors to seek habitual-criminal adjudication if Altheide committed new crimes before sentencing or failed to appear for sentencing.[7] Within 30 days of inking that plea agreement, Altheide was charged with resisting a peace officer.[8] Several days later he was also charged with felony furnishing a dangerous drug without a prescription.[9] The prosecution sought habitual-criminal treatment, and in December 2016, the court adjudicated Altheide a habitual criminal and sentenced him to two consecutive sentences of life in prison without the possibility of parole.[10]

---

[5] *Id.*

[6] Exh. 13. Exhibits to respondents' motion to dismiss, ECF No. 16, are found at ECF Nos. 17–20. I refer to petitioner's exhibits as "Pet. Exh." and are found at ECF Nos. 51, 53, 71. The plea agreement encompassed two criminal cases, CR8242 and CR8254.

[7] Exh. 13.

[8] Exh. 17 at 4–5.

[9] *Id.*

[10] Exh. 18.

Altheide did not file a direct appeal. Instead, he commenced filing a litany of motions to modify or correct an illegal sentence as well as state postconviction habeas petitions. Ultimately, the state district court held a hearing on two motions to modify and two state habeas petitions and denied them all.[11] The Nevada Court of Appeals affirmed in July 2019.[12] Altheide filed three more motions to modify and two more state postconviction petitions. The Nevada Court of Appeals affirmed the denial of the motions to modify, and an amended judgment of conviction was entered to reflect that Altheide was sentenced under the large, not small, habitual-criminal statute.[13]

Altheide submitted a pro se federal habeas petition in December 2019.[14] Counsel was appointed, and an amended petition was filed that sets forth six grounds for relief.[15] Respondents move to dismiss, arguing that some grounds are untimely and that all but one of Altheide's grounds were unexhausted.[16] In response, Altheide concedes that all grounds except ground 4 are unexhausted because he had never presented them to the state courts.[17] He also now seeks a stay and abeyance in light of a recent Nevada Supreme Court opinion and due to the alleged ineffective assistance of his state postconviction counsel.

---

[11] Exh. 43.
[12] Exh. 118.
[13] *See, e.g.*, ECF No. 19-34, Exh. 124; ECF No. 19-37, 127; ECF No. 20-4, 134; ECF No. 20-5, 135; ECF No. 20-8, 138; ECF No. 20-9, 139; ECF No. 20-12, 142; ECF No. 20-14, Exh. 144.
[14] ECF No. 1-1.
[15] ECF No. 50.
[16] ECF No. 59.
[17] ECF No. 72 at 2.

**Discussion**

**A.    With good cause, the court may stay a federal habeas petition pending state-court exhaustion.**

Because a habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, the federal court will not consider a state prisoner's petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[18]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[19]  To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[20]

Although dismissal is the typical remedy for a petition that contains unexhausted claims, in *Rhines v. Weber*, the United States Supreme Court held that a federal habeas case can be stayed in "limited circumstances" to allow the petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations.[21]  Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted

---

[18] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[19] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[20] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[21] *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*").

claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics."[22]

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances."[23] But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'"[24] Courts must also "be mindful that" the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court."[25]

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust a claim in state court.[26] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[27] The Supreme Court's opinion in *Pace v. DiGuglielmo*,[28] suggests that this standard is not particularly stringent, as the High Court held that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust."[29]

---

[22] *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

[23] *Id*. at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)).

[24] *Id*. (citing *Jackson*, 425 F.3d at 661).

[25] *Id*. (citing *Rhines*, 544 U.S. at 276–77).

[26] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

[27] *Id*.

[28] *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

[29] *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson*, 425 F.3d at 661–62 (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

**B.      Altheide has shown good cause to stay his petition pending state-court exhaustion.**

Altheide contends that a *Rhines* stay is warranted here. First, Altheide states that his state postconviction counsel did not bring any claims related to counsel's performance at sentencing because the relevant statute did not expressly allow that type of postconviction claim.[30] A petitioner may assert a challenge under Nevada Revised Statute (NRS) 34.810(1)(a) to a conviction by guilty plea on the bases that the plea was not voluntarily or knowingly entered or the plea was entered without effective assistance of counsel. The Nevada Supreme Court recently held in *Gonzales v. State* that this statute does not bar a petitioner from raising in state postconviction proceedings the claim that he received ineffective assistance of counsel at sentencing.[31] The Court concluded that the core claims that NRS 34.810(1)(a) prohibits are "'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea' that do not allege that the guilty plea was entered involuntarily or unknowingly or without effective assistance of counsel."[32] Respondents argue that *Gonzales* is not new law because the Court merely "explicitly [held] what has been implicit in our caselaw for decades."[33] However, Altheide points to a recent, unpublished Nevada Court of Appeals case in which District Court Judge Robert W. Lane—the same judge who presided over Altheide's state postconviction petition—erroneously found that the petitioner's claims challenging counsel's performance only at sentencing were outside the scope of a petition

---

[30] ECF No. 72 at 9; NRS 34.810(1)(a) requires a district court to dismiss a postconviction habeas corpus petition if "[t]he petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel."

[31] *Gonzales v. State*, 492 P.3d 556 (Nev. 2021).

[32] *Id*. at 562 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

[33] *Id*.

challenging a judgment of conviction upon a guilty plea.[34] The petition in that case was filed in 2020.

Altheide also argues that his first state postconviction counsel was ineffective for failing to present several claims.[35] In *Martinez v. Ryan*, the United States Supreme Court held that, in a case in which "under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[36] In *Blake v. Baker*, the Ninth Circuit held that the sort of ineffective assistance of counsel in an initial-review collateral proceeding described in *Martinez* can be good cause for a *Rhines* stay.[37]

I find that Altheide has shown good cause for his failure to exhaust at least some of his claims in state court. In grounds 1, 2, and 3, Altheide alleges that his plea counsel was ineffective for "abandoning Altheide at critical stages of the proceedings" (ground 1); representing him despite a clear conflict of interest (ground 2); and failing to investigate and present possible defenses, with the result that the plea was not entered knowingly, voluntarily and intelligently (ground 3).[38] Related to sentencing, in ground 5 Altheide argues that his counsel was ineffective for (A) failing to investigate and present mitigation evidence regarding his history of severe mental illness; (B) failing to investigate whether the state met its burden to show Altheide was a habitual criminal and argue the invalidity of his prior convictions at

---

[34] *Austin v. State*, 2022 WL 1090296 *2 (Nev. App. 2022) (citing *Gonzales*, 492 P.3d at 562).
[35] ECF No. 72. Respondents do not address this argument. *See* ECF No. 81.
[36] *Martinez v. Ryan*, 566 U.S. 1, 17 (2012).
[37] *Blake*, 745 F.3d at 982–84.
[38] ECF No. 50 at 41–55.

sentencing; and (C) failing to gather statements or testimony from family and friends to present at sentencing.[39] In ground 6, Altheide contends that counsel was ineffective for failing to argue at sentencing that a sentence of life without the possibility of parole violated his Eighth Amendment rights to be free from cruel and unusual punishment.[40]

According to Altheide, the attorney who handled his state habeas action performed ineffectively by failing to raise these claims.[41] For example, Altheide states that grounds 5 and 6 rely on evidence that state postconviction counsel did not obtain—copious medical records, an expert evaluation of the records, documentation of his past criminal history, and declarations from family members.[42] In *Blake*, the petitioner argued that he failed to exhaust his ineffective-assistance-of-trial-counsel claim because his state postconviction counsel failed to conduct any independent investigation or retain experts.[43] Blake's federal postconviction counsel supported the good-cause argument with evidence of Blake's abusive upbringing and history of mental illness, including a neuropsychological and psychological evaluation report that demonstrated serious mental illness and numerous declarations from family and friends that detailed the abhorrent conditions of his upbringing. Here, Altheide's federal postconviction counsel has provided a clinical neuropsychologist's report based on his review of about 7500 pages of Altheide's medical records that demonstrate a 20-year history of serious mental illness and polysubstance abuse.[44] She provided voluminous medical records showing numerous

---

[39] *Id*. at 57–65.
[40] *Id*. at 65–66.
[41] ECF No. 72 at 10–11.
[42] *Id*. at 12.
[43] *Blake*, 745 F.3d at 983.
[44] *See* ECF No. 53.

hospitalizations in mental-health facilities since 2001, as well as family members' statements that Blake had been homeless much of his adult life and exhibited delusional and psychotic behaviors whenever he went off his psychiatric medications. As in *Blake*, Altheide's showing of good cause is not "a bare allegation of state postconviction [ineffective assistance], but a concrete and reasonable excuse, supported by evidence that his state post-conviction counsel failed to" present substantial claims to the state courts.[45]

The alternative argument that Altheide's state postconviction counsel failed to assert claims that plea counsel was ineffective at sentencing because that claim was not expressly permitted by the statute at the time of Altheide's first round of state collateral proceedings is perhaps a less persuasive basis for good cause. The Nevada Supreme Court has previously considered ineffective-assistance-of-counsel-at-sentencing claims by defendants who pleaded guilty,[46] but in the 2021 *Gonzales* case, the Court said that it was required "to decide whether a defendant who pleads guilty may challenge his sentence on the ground that he received ineffective assistance of counsel at the post-plea sentencing hearing."[47] And the Nevada Court of Appeals recently stated that the state district court judge who presided over Altheide's state postconviction proceedings erroneously concluded in a different case that claims of ineffective assistance of counsel at sentencing were outside the scope of a petition challenging a judgment

---

[45] *Id.*

[46] *See Kirksey v. State*, 112 Nev. 980, 994–97 (Nev. 1996). I note, however, that out of the six cases respondents cite to support their contention that the Nevada courts have long considered this type of claim, this is the only case that actually involves a guilty plea and allegations of ineffective assistance of counsel at sentencing. *See* ECF No. 81 at 2–3.

[47] *Gonzales*, 492 P.3d at 558.

of conviction challenging a guilty plea.[48] In any event, I find that Altheide has demonstrated good cause.

Respondents do not argue that Altheide fails to meet the remaining requirements for a *Rhines* stay, and I find that Altheide has also established that "at least one of his unexhausted claims is not 'plainly meritless.'"[49] "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'"[50] I conclude that Altheide's unexhausted grounds are not plainly meritless. In ground 5, he alleges that counsel rendered ineffective assistance by failing to investigate and present mitigation evidence at sentencing, including the large volume of mental health records documenting serious mental illness beginning around age 19 and statements from family and friends and for failing to argue the invalidity of his prior convictions at sentencing.[51] Altheide argues that such mitigation evidence would have had an effect at sentencing, in which the judge sentenced him to two life sentences without the possibility of parole.[52] I cannot conclude at this time that "it is perfectly clear that [Altheide] has no hope of prevailing" on this claim.[53] And there is no indication in the record that Altheide has "intentionally engaged in dilatory litigation tactics."[54]

---

[48] *Austin*, 2022 WL 1090296 *2 (citing *Gonzales*, 492 P.3d at 562).

[49] *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017).

[50] *Id*. (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)).

[51] ECF No. 72 at 8.

[52] *Id*. at 12.

[53] *Dixon*, 847 F.3d at 722 (quoting *Cassett*, 406 F.3d at 624).

[54] *Wooten*, 540 F.3d at 1023 (citing *Rhines*, 544 U.S. at 278). *See also Valdovinos v. McGrath*, 598 F.3d 568, 574 (9th Cir. 2010), vacated for reconsideration on other grounds, 562 U.S. 1196 (2011) (petitioner "had not engaged in dilatory tactics and he had no motivation for delay, as he is not a capital defendant").

Finally, I note that this is a case involving allegations of decades of serious mental illness and lapses in treatment. Altheide alleges that he did not have a particularly violent criminal history. He also claims that his multiple attorneys through his guilty plea, direct appeal, and first state postconviction proceedings were deficient in attempting to secure him mental-health treatment and providing readily available evidence to the courts of his mental illness. The state district court sentenced him to the most severe sentence available, save a capital sentence. Thus, I will stay this action pending exhaustion of the unexhausted grounds in the first-amended petition. And because I am staying this case, I deny the respondents' motion to dismiss without prejudice to their ability to file a new dismissal motion once the stay is lifted.

## Conclusion

IT IS THEREFORE ORDERED that petitioner's motion for a stay and abeyance **[ECF No. 72] is GRANTED**. **THIS CASE IS STAYED** pending exhaustion of the unexhausted grounds in the first-amended petition. This stay is conditioned upon petitioner litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the state appellate court at the conclusion of the state-court proceedings.

IT IS FURTHER ORDERED that respondents' motion to dismiss **[ECF No. 59] is DENIED** without prejudice as moot.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case. Once the state-court proceedings are completed, any party may move to reopen this case.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 27, 2023