UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jason Arthur Altheide,<br><br>              Petitioner<br><br>v.<br><br>State of Nevada, et al.,<br><br>              Respondents | Case No. 2:19-cv-02245-JAD-BNW<br><br>**Order Granting Motion to Withdraw and Appointing CJA Counsel**<br><br>[ECF Nos. 95, 96, 97, 98] |

      Petitioner Jason Arthur Altheide's 28 U.S.C. § 2254 petition for writ of habeas corpus is currently stayed while he litigates a state habeas petition.[1] Counsel for Altheide, the Federal Public Defender, has filed a motion to withdraw as counsel.[2] Because I find that a conflict of interest has developed between Altheide and the FPD, I grant the motion to withdraw as counsel. I also appoint substitute counsel under the Criminal Justice Act.

      The FPD has been litigating Altheide's state postconviction petition. Counsel recounts in detail the breakdown of the attorney-client relationship; Altheide's mental illness, exacerbated by incarceration and alleged inconsistent mental health treatment, has contributed to the current conflict. Counsel explains that Altheide is now convinced that the FPD is conspiring with the state court and prosecutors to keep him incarcerated. The FPD has managed to work with Altheide for years, but in the last several months he has behaved inappropriately towards counsel and staff. He sometimes calls the FPD's office more than ten times a day. Counsel has kept him

---

[1] *See* ECF No. 85.
[2] ECF No. 96.

informed of her professional opinions and analysis of his arguments for his case verbally and in writing. Altheide repeatedly calls to discuss the same issues over and over and is now verbally abusive to counsel and staff. A complete and permanent breakdown of the attorney-client relationship has resulted. So I grant the motion to withdraw as counsel.

Altheide has also moved for leave to file a motion for the appointment of new counsel.[3] Good cause appearing, I grant the motion. This court's Criminal Justice Act designee has located counsel willing to be appointed to represent Altheide:

> Jason F. Carr
> Hofland and Tomsheck
> 238 S. 4th St.
> Ste First Floor
> Las Vegas, Nv 89101
> 702-895-6760
> Fax: 702-731-6910
> Email: jasonc@hoflandlaw.com.

IT IS THEREFORE ORDERED that petitioner's motion to reopen case for the limited purpose of withdrawing as counsel only **[ECF No. 95] is granted.**

IT IS FURTHER ORDERED that the Federal Public Defender's motion to withdraw as counsel **[ECF No. 96]** is granted. The Federal Public Defender is released as counsel.

IT IS FURTHER ORDERED that petitioner's motion for leave to file a motion for appointment of counsel **[ECF No. 97] is granted**. The Clerk is directed to detach and file the motion for counsel [ECF No. 97-1].

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel is granted. Jason F. Carr is appointed to represent petitioner herein *nunc pro tunc* to October 27, 2025. Mr. Carr is a Criminal Justice Act panel attorney for the United States District Court,

---

[3] ECF Nos. 97, 97-1.

District of Nevada. Mr. Carr will represent petitioner in all future proceedings in this court relating to this matter (including subsequent actions) and appeals therefrom, pursuant to 18 U.S.C. § 3006A(a)(2)(B), until allowed to withdraw.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to serve** CJA counsel Carr a copy of this order, together with a copy of amended petition [ECF No. 50]. CJA counsel has 20 days from the date of this order to enter a notice of appearance.

IT IS FURTHER ORDERED that this case remains administratively closed until such time as the court grants a motion to reopen the matter. CJA counsel must return to federal court with a motion to reopen within 45 days of issuance of the remittitur by the state appellate court at the conclusion of petitioner's state court proceedings.

IT IS FURTHER ORDERED that petitioner's motion for relief **[ECF No. 98] is DENIED** as moot.

_____
U.S. District Judge Jennifer A. Dorsey
October 31, 2025