**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jason Arthur Altheide, | Case No.: 2:19-cv-02245-JAD-BNW |
| Petitioner | |
| v. | **Order Lifting Stay and Granting Leave to File Second Amended Habeas Petition** |
| Jeremy Bean, *et al.*, | [ECF No. 104] |
| Respondents | |

This habeas corpus action was stayed on March 27, 2023, to allow Petitioner Jason Arthur Altheide, who is represented by appointed counsel, to exhaust claims in state court.[1] On March 5, 2026, Altheide filed a motion requesting that the stay be lifted and that he be granted leave to file a second amended petition for writ of habeas corpus.[2] Altheide's counsel represents that the respondents do not oppose the motion, and, indeed, they did not respond to it. I grant Altheide's motion, lift the stay, and set a schedule for further proceedings, including his filing of a second amended petition.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend a pleading with leave of court, and "[t]he court should freely give leave when justice so requires." Courts are meant to apply the policy of favoring amendments with "extreme liberality."[3] In deciding whether to grant leave to amend a pleading, a court may consider such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously

---

[1] ECF No. 85.

[2] ECF No. 104.

[3] *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)).

amended his pleadings."[4]  Considering those factors, and cognizant that Altheide's motion is unopposed, I grant him leave to file a second amended petition.

IT IS THEREFORE ORDERED that Petitioner's Motion for Permission to File Second Amended Petition **[ECF No. 104] is GRANTED**.

IT IS FURTHER ORDERED the Clerk of the Court is directed to:

-        Lift the stay and reopen this case.

-        Update the docket to reflect that Jeremy Bean is substituted for William Gittere as the respondent warden.[5]

IT IS FURTHER ORDERED that **the following schedule will govern further proceedings in this case**:

**Second Amended Petition**.  Petitioner has 60 days from the date of entry of this order to file a second amended petition for writ of habeas corpus.

**Response to Second Amended Petition**. Respondents will have 90 days from the filing of a second amended petition to file an answer or other response to the second amended petition.

**Reply**. Petitioner will have 60 days following the filing of an answer to file a reply. Respondents will have 30 days following the filing of a reply to file a response to the reply.

**Briefing of Motion to Dismiss**. If respondents file a motion to dismiss, petitioner will have 60 days following that filing to file a response to the motion. Respondents will have 30 days to file a reply.

---

[4] *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

[5] *See* Federal Rule of Civil Procedure 25(d).

**Discovery**.  If petitioner wishes to move for leave to conduct discovery, he must file such a motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer.  Any such motion filed before that time may be considered premature and may be denied without prejudice on that basis.  Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Petitioner will thereafter have 20 days to file a reply in support of the motion for leave to conduct discovery.

**Evidentiary Hearing**. If petitioner wishes to request an evidentiary hearing, he must file a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer.  Any such motion filed before that time may be considered premature and may be denied without prejudice on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e).  The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record.  If petitioner files a motion for an evidentiary hearing, respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.  Thereafter, the petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

_____
U.S. District Judge Jennifer A. Dorsey
March 20, 2026

3